IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

U.S. TECHNOLOGY CORPORATION                                    PLAINTIFF/
                                                       COUNTER-DEFENDANT

VS.                          CIVIL ACTION NO. 5:08-cv-218(DCB)(JMR)

PAT RAMSAY                                                      DEFENDANT
and
DELTA LOGGING & COMPANY, INC.                                 DEFENDANT/
                                                       COUNTER-CLAIMANT


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants Pat Ramsay and Delta Logging & Company, Inc.'s Motion for Summary Judgment **(docket entry 49)**. Having carefully considered the motion and the plaintiff's response, as well as the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

On August 11, 2000 the plaintiff U.S. Technology Corporation ("USTC") entered into a Supply and Recycle Agreement with Hydromex, Inc. ("Hydromex"). Pursuant to the Agreement, USTC shipped spent abrasive blast material (a hazardous material) to a site in Yazoo City, Mississippi ("the Hydromex Site"), which Hydromex leased from defendant Delta Logging & Company, Inc. ("Delta Logging"). Hydromex agreed to recycle the hazardous material into a commercial product (concrete blocks and pads), in conformance with a contract between USTC and the United States Government.

On June 25, 2002, the Environmental Protection Agency ("EPA")

conducted a compliance Evaluation Inspection of the Hydromex Site. It was discovered that most of the spent abrasive blast had not found its way into the concrete blocks and pads made by Hydromex, but instead had been buried underground at the Hydromex Site.  On November 14, 2002, the Mississippi Department of Environmental Quality ("MDEQ") issued an administrative order accusing Hydromex of creating an "unauthorized dump," and ordering Hydromex to cease "all acceptance, treatment and disposal of spent abrasive material."  On January 23, 2003, after an evidentiary hearing, the MDEQ issued a cease and desist order.

On July 15, 2003, the plaintiff entered into an Agreed Order with the MDEQ's Commission on Environmental Quality.  Pursuant to the Agreed Order, USTC sought permission to conduct operations at the Hydromex facility "to recycle and remove the containerized material and the inadequately or improperly recycled material located at the Hydromex facility" and to remove "both the containerized material and the inadequately or improperly recycled material from the Hydromex facility" (the "Work Plan").

In order to obtain legal access to the Hydromex site and permission to conduct these operations, USTC executed a Site Access Agreement with the site owner, Delta Logging.  The Site Access Agreement contained an agreement by USTC to "indemnify, defend, and hold harmless Owner and his employees and agents from and against all losses, damages, costs, or claims suffered or incurred by Owner

that arise from the entry onto the Property by USTC and its contractors, consultants, and agents or by the performance of the Work Plan."  Site Access Agreement, ¶ 5.

USTC filed its Complaint in this action seeking cost recovery and contribution under Sections 107(a) and 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9613(f), and for declaratory judgment under 28 U.S.C. § 2201 and 42 U.S.C. § 9613(g)(2).  The Complaint also seeks relief based on violations of the Mississippi Solid Waste Disposal Law, Miss. Code Ann. § 17-17-1, et seq., the Mississippi Air and Water Pollution Control Law, Miss. Code Ann. § 49-17-1, et seq., and state common law.

Defendant Delta Logging filed a counterclaim alleging that USTC breached the Site Access Agreement "by not reprocessing, recycling, and removing the designated materials from the Hydromex Site."  Delta Logging also seeks compensation from USTC under the Mississippi Solid Waste Disposal Law and state common law.

In their motion for summary judgment, the defendants seek a judgment in their favor on all the plaintiff's claims.  Defendant Delta Logging also seeks summary judgment on its counterclaim.

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material

fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 244 (1986).

The defendants move for summary judgment on the grounds that their Site Access Agreement with USTC contains an indemnity agreement broad enough to encompass and prohibit USTC's claims against them for cost recovery and contribution under CERCLA and claims under state law. USTC responds that it undertook to bear the costs of "carrying out the Work Plan" for the recycling contemplated by the Agreed Order with the MDEQ, but did not waive its claim for reimbursement or contribution by the defendants in the event USTC were found to be a responsible party under federal or state law. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. Based on the contract language, and the fact that the parties have not sufficiently briefed this issue, summary judgment is inappropriate.

Delta Logging also moves for summary judgment on its counterclaim, on grounds that USTC breached its agreement in the Site Access Agreement to fully and completely clean up the

hazardous materials located at the Hydromax Site in compliance with the Agreed Order between USTC and the MDEQ.  USTC responds that it is not in breach of its agreement with the MDEQ and therefore cannot be in breach of the Site Access Agreement.  In support, USTC shows that it has renegotiated the Work Plan with the MDEQ.  The Court finds that summary judgment is also inappropriate on Delta Logging's counterclaim.  Accordingly,

IT IS HEREBY ORDERED that the defendants Pat Ramsay and Delta Logging & Company, Inc.'s Motion for Summary Judgment **(docket entry 49)** is DENIED.

SO ORDERED, this the 29th day of March, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

5