```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


U.S. TECHNOLOGY CORPORATION                       PLAINTIFF/
                                            COUNTER-DEFENDANT

VS.                       CIVIL ACTION NO. 5:08-cv-218(DCB)(JMR)

PAT RAMSAY                                         DEFENDANT
and
DELTA LOGGING & COMPANY, INC.                     DEFENDANT/
                                             COUNTER-CLAIMANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff U.S. Technology Corporation ("USTC")'s motion for partial summary judgment **(docket entry 57)**. Having carefully considered the motion and the plaintiff's response, as well as the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

USTC moves for summary judgment on Counts I and II of its Complaint, asserting that the defendants are liable as a matter of law under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601, et seq. ("CERCLA"). Specifically, the plaintiff asserts that the defendants' Hydromex Site is a "facility" within the meaning of CERCLA; a "release" or "threatened release" of "hazardous substances" occurred at the Hydromex Site within the meaning of CERCLA; and the defendants are "covered persons" under CERCLA.

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to

interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 244 (1986).

On August 11, 2000, USTC entered into a Supply and Recycle Agreement with Hydromex, Inc. ("Hydromex").  Pursuant to the Agreement, USTC shipped spent abrasive blast material (a hazardous material) to a site in Yazoo City, Mississippi ("the Hydromex Site"), which Hydromex leased from defendant Delta Logging & Company, Inc. ("Delta Logging").  Hydromex agreed to recycle the hazardous material into a commercial product (concrete blocks and pads), in conformance with a contract between USTC and the United States Government.

On June 25, 2002, the Environmental Protection Agency ("EPA") conducted a compliance Evaluation Inspection of the Hydromex Site. It was discovered that most of the spent abrasive blast had not found its way into the concrete blocks and pads made by Hydromex, but instead had been buried underground at the Hydromex Site.  On November 14, 2002, the Mississippi Department of Environmental

Quality ("MDEQ") issued an administrative order accusing Hydromex of creating an "unauthorized dump," and ordering Hydromex to cease "all acceptance, treatment and disposal of spent abrasive material." On January 23, 2003, after an evidentiary hearing, the MDEQ issued a cease and desist order.

On July 15, 2003, the plaintiff entered into an Agreed Order with the MDEQ's Commission on Environmental Quality. Pursuant to the Agreed Order, USTC sought permission to conduct operations at the Hydromex facility "to recycle and remove the containerized material and the inadequately or improperly recycled material located at the Hydromex facility" and to remove "both the containerized material and the inadequately or improperly recycled material from the Hydromex facility" (the "Work Plan").

In order to obtain legal access to the Hydromex site and permission to conduct these operations, USTC executed a Site Access Agreement with the site owner, Delta Logging. The Site Access Agreement contained an agreement by USTC to "indemnify, defend, and hold harmless Owner and his employees and agents from and against all losses, damages, costs, or claims suffered or incurred by Owner that arise from the entry onto the Property by USTC and its contractors, consultants, and agents or by the performance of the Work Plan." Site Access Agreement, ¶ 5.

USTC filed its Complaint in this action seeking, inter alia, cost recovery and contribution under Sections 107(a) and 113(f) of

3

the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9613(f), and for declaratory judgment under 28 U.S.C. § 2201 and 42 U.S.C. § 9613(g)(2).

Under CERCLA, "facility" includes "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located." 42 U.S.C. § 9601(9)(B). The defendants do not dispute that the Hydromex Site is a facility under CERCLA.

CERCLA defines "release" as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment (including the abandonment or discharging of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant) ... ." 42 U.S.C. § 9601(22). The term "hazardous substance" is defined under CERCLA by reference to other environmental statutes and includes any characteristic or listed hazardous waste under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, et seq. ("RCRA"). See 42 U.S.C. § 9601(14). The defendants do not dispute that a "release" or "threatened release" of "hazardous substances" occurred at the Hydromex Site.

CERCLA designates four categories of "covered persons" who are strictly liable for "response costs":

> (1) the owner or operator of a vessel or a facility,

4

>    (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
>    (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
>    (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities or sites selected by such person.

42 U.S.C. § 9607.  In addition, CERCLA provides covered persons with a defense from strict liability if they:

> can establish by a preponderance of the evidence that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by -
>
>    (1) an act of God;
>
>    (2) an act of war;
>
>    (3) an act or omission of a third party other than an employee or agent of defendant, or than one whose act or omission occurs in connection with a contractual relationship (except where the sole contractual arrangement arises from a published tariff and acceptance for carriage by a common carrier by rail), if the defendant establishes by a preponderance of the evidence that (a) he exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

42 U.S.C. § 9607(b).

> One covered person, regardless of its degree of

responsibility, is entitled to bring a CERCLA action against other covered persons to seek contribution for its response costs. See Smith Land & Improvement Corp. v. Celotex Corp., 851 F.2d 86, 90 (3rd Cir. 1988)(there is no place in CERCLA for a doctrine which prevents a covered person, who is culpable for a portion of the damages, from recovering contribution from another covered person, who is also culpable for a portion of the damages).

The defendants do not dispute that Delta Logging is a "covered person" under CERCLA. They do, however, deny that Delta Logging is liable as a covered person to USTC under CERCLA. The Court does not read the plaintiff's motion as seeking summary judgment on the issue of liability, but only on the issue of Delta Logging's status as a "covered person."

The plaintiff also seeks summary judgment that Pat Ramsay, as president/owner of Delta Logging, is a "covered person" under CERCLA. An individual corporate officer can be personally liable under CERCLA "under certain circumstances." Kelley v. Thomas Solvent Co., 727 F.Supp. 1532, 1542 (W.D. Mich. 1989). The Fifth Circuit has held that "CERCLA prevents individuals from hiding behind the corporate shield when ... they themselves actually participate in the wrongful conduct prohibited by the Act." Riverside Market Dev. Corp. v. International Building Products, Inc., 931 F.2d 327, 330 (5th Cir. 1991). In support of its motion, the plaintiff submits evidence that Ramsay was also a vice

6

president of Hydromex, and contributed land and buildings to Hydromex in exchange for 20% ownership in Hydromex. USTC also alleges that Ramsay actively participated in the operation and management of the Hydromex Site and Hydromex facility.

In response, the defendants deny that Ramsay was ever an owner or officer of Hydromex. The defendants further deny that a proposed stock distribution agreement ever came into effect, and deny that Ramsay ever undertook any actions as a vice president of Hydromex. They also deny that Ramsay was directly involved in or actively participated in the disposal of any spent blast media or other hazardous material on the Hydromex Site. The affidavit and depositions submitted by the defendants demonstrate the existence of genuine issues of material fact on this issue.

The Court therefore finds that the plaintiff's motion for partial summary judgment should be granted in part and denied in part. Accordingly,

IT IS HEREBY ORDERED that the plaintiff U.S. Technology Corporation's motion for partial summary judgment **(docket entry 57)** is GRANTED IN PART AND DENIED IN PART as follows:

GRANTED as to the plaintiff's claims that the Hydromex Site is a "facility" within the meaning of CERCLA; that a "release" or "threatened release" of "hazardous substances" occurred at the Hydromex Site within the meaning of CERCLA; and that defendant Delta Logging & Company is a "covered person" under CERCLA;

DENIED as to the plaintiff's claim that defendant Pat Ramsay is a "covered person" under CERCLA.

SO ORDERED, this the 10th day of May, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE