IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

U. S. TECHNOLOGY CORPORATION                                    PLAINTIFF
                                                        COUNTER-DEFENDANT

v.                                                 CASE NO. 5:08-cv-218-DCB-JMR

PAT RAMSAY                                                      DEFENDANT
and
DELTA LOGGING & COMPANY, INC.                                   DEFENDANT/
                                                        COUNTER-CLAIMANT

ORDER

It is the understanding of the Court that during the pre-trial conference before the Honorable John M. Roper, Chief Magistrate Judge, there was a discussion regarding subpoenas, and more specifically the possibility of a Motion to Quash one or more subpoenas if the witness is required to travel more than 100 miles to the courthouse at Natchez.

Fed. R. Civ. P. 45(c)(3)(A), states that "On timely motion, the issuing court must quash or modify a subpoena," that, under (ii) "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except . . . the person *may be commanded to attend a trial by traveling from any such place within the state where the trial is held*" (emphasis added). Fed. R. Civ. P. 45(c)(3)(A)(ii) is subject to 45(c)(3)(B)(iii),

which describes situations in which the Court is not required to quash a subpoena, but is permitted to do so, when under (iii), "a person who is neither a party nor a party's officer" will "incur substantial expense to travel more than 100 miles to attend trial." Rule 45(c) draws clear distinctions between when subpoenas must and may be quashed.  There is a 100 mile limitation, but it is subject to the one exception:  "the issuing court can command a person to travel anywhere within the state to attend trial subject to the qualifications provided in Rule 45(c)(3)(B)(iii)."  9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 (3d ed. current through 2010 update).

This case is set for trial commencing at 9:00 a.m. on June 27, 2011.  In order that the issue, if any, regarding subpoenas be resolved sufficiently in advance of trial so as not to cause a delay, the parties shall submit to the court within five (5) days of the filing of this Order, the names and addresses of witnesses to be subpoenaed, and within three (3) days following said submission, any objecting party shall file the objections of record.

SO ORDERED, this the 25th day of May, 2011.

s/David Bramlette
UNITED STATES DISTRICT JUDGE