```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


U.S. TECHNOLOGY CORPORATION                          PLAINTIFF/
                                              COUNTER-DEFENDANT

VS.                        CIVIL ACTION NO. 5:08-cv-218(DCB)(JMR)

PAT RAMSAY                                            DEFENDANT
and
DELTA LOGGING & COMPANY, INC.                        DEFENDANT/
                                               COUNTER-CLAIMANT
```

ORDER

This cause is before the Court pursuant to an Order filed May 13, 2011, requiring additional briefing on the issue of whether the plaintiff's claims under the Mississippi Solid Wastes Disposal Law, the Mississippi Air and Water Pollution Control Law, and nuisance per se fail as a matter of law on the basis that they do not create a private cause of action. Having received and carefully considered the additional briefing, the Court finds as follows:

The Mississippi Supreme Court has held that, assuming the violation of a state statute, the mere fact that the statute was violated "will not support a claim where no private cause of action exists." Tunica County v. Gray, 13 So.3d 826, 829 (Miss. 2009).

> "[T]he general rule for the existence of a private right of action under a statute is that the party claiming the right of action must establish a legislative intent, express or implied, to impose liability for violations of that statute." Doe v. State ex rel. Miss. Dep't of Corrections, 859 So.2d 350, 355 (Miss.2003). This Court has declined to find a "private right of action for violations of various statutes and regulations" in the absence of legislative intent. Id. See also Moore ex rel. Moore v. Mem'l Hosp. of Gulfport, 825 So.2d 658

(Miss.2002); Allyn v. Wortman, 725 So.2d 94 (Miss.1998).

Id. In Doe, the Mississippi Supreme Court, adopting the analysis of a Wisconsin district court, instructed that in determining whether a statute creates a private right of action,

> "... a court must analyze the statute itself and any relevant legislative history. The focal point is the legislative body's intent in enacting the statute. Unless the legislative intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.
>
> In this case, nothing points in favor of implying a private right of action .... The [statute] itself contains no statement of purpose or mention of the rights of the general public .... At the same time, the Plaintiff has failed to point to any record of legislative history which shows that the lawmakers intended to benefit persons such as [the plaintiff]."

Doe, 859 So.2d at 355 (quoting Hodgson v. Miss. Dep't of Corrections, 963 F.Supp. 776, 791 (E.D. Wis. 1997)).

In ascertaining legislative intent, a court "may look not only to the language used but also to [the statute's] historical background, its subject matter, and the purposes and objects to be accomplished." Davis v. AG, 935 So.2d 856, 868 (Miss. 2006) (quoting Bailey v. Al-Mefty, 807 So.2d 1203, 1206 (Miss. 2001)). The court should also consider "the purpose and policy which the legislature had in view of enacting the law," and should "give effect to the intent of the legislature." State ex rel. Hood v. Madison County ex rel. Madison County Bd. of Supervisors, 873 So.2d 85, 88 (Miss. 2004)(citing Aikerson v. State, 274 So.2d 124, 127

(Miss. 1973)).

In <u>Norman v. Prestage Farms, Inc.</u>, 2007 WL 1031371 (N.D. Miss. March 30, 2007), the district court for the Northern District of Mississippi affirmed a ruling by the bankruptcy court for the Northern District that the Mississippi Air and Water Pollution Control Law does not provide a private right of action or a private remedy for parties adversely affected by violations of the statute. The bankruptcy court had made the following findings and conclusions:

> The court has thoroughly reviewed the Mississippi Air and Water Pollution Control Law in an attempt to discern whether there is a legislative intent to create a private right of action for its violation. Section 49-17-29 provides that it is unlawful for any person to cause pollution of the air or waters within the State of Mississippi. Section § 49-17-31 states that whenever "the commission or an employee thereof" has reason to believe that a violation has occurred, "the commission" may cause a written complaint to be served upon the alleged violator or violators. As explained in § 49-17-7(1), the "commission" is the Mississippi Department of Environmental Quality. Section 49-17-43 indicates that any person, found by "the commission" to be violating any of the provisions of the air and water pollution law shall be subject to a civil penalty for each violation.
>
> With particular interest, the court examined § 49-17-35, entitled "Request for Hearing." This section provides, in part, as follows: "<u>Any interested person shall have the right to request the commission to call a hearing for the purpose of taking action in respect to any matter within the jurisdiction of the commission by making a request therefor in writing</u>." (emphasis added) It then states that upon the receipt of a request, "the commission" may conduct any investigation that it deems necessary, and, that within thirty days after the conclusion of a hearing, "the commission" may take whatever action it deems appropriate. As such, this

>   section provides the mechanism for a person or entity, affected by air or water pollution, to bring the matter before "the commission" for redress.  However, the remedy available is that "the commission" may take whatever action it deems appropriate, such as ordering remedial procedures, in addition to the assessment of a civil penalty pursuant to § 49-17-43.  Nothing in § 49-17-35, in particular, or in the Mississippi Air and Water Pollution Control Law, in general, remotely suggests that a private individual or entity is entitled to seek an award for damages in a judicial forum for violations of this law.
>
>   In the opinion of this court, the Mississippi Air and Water Pollution Control Law is a regulatory scheme which allows the State of Mississippi, not private individuals, to oversee and abate air and water pollution.  While it does allow for private party participation, _i.e._, the right to initiate a request with "the commission," it clearly does not provide a private right of action or a private remedy for those persons adversely affected by air or water pollution.

In re Moore (Norman v. Prestage Farms, Inc.), 310 B.R. 795, 800 (Bkrtcy. N.D. Miss. 2004).

This Court finds the opinions in In re Moore and Norman persuasive and dispositive of the issue as to the Mississippi Air and Water Pollution Control Law.  As for the Mississippi Solid Wastes Disposal Law, it also contains no provision suggesting that a private individual or entity is entitled to maintain a private right of action.  See Aviall Services, Inc. v. Cooper Industries, Inc., 312 F.3d 677, 691, n.28 (5th Cir. 2002)("The Mississippi statutes governing disposal of solid wastes, Miss. Code Ann. 17-17-1 et seq., do not appear to contain a provision for private cost recovery.")(reversed and remanded on other grounds, Cooper Industries, Inc. v. Aviall Services, Inc., 543 U.S. 157 (2004);

Donald v. Amoco Production Co., 735 So.2d 161, 173 n.4 (Miss. 1999) ("Nowhere in the statute [Solid Wastes Disposal Law of 1974, Miss. Code Ann. §§ 17-17-1 to -503] is a private cause of action expressly granted.").

Section 17-17-29(4) of the Solid Wastes Disposal statute provides: "Any person creating, or responsible for creating, through misadventure, happenstance, or otherwise, an immediate necessity for remedial or clean-up action involving solid waste shall be liable for the cost of such remedial or clean-up action <u>and the commission may recover the cost of same by a civil action brought in the circuit court of the county in which venue may lie</u>." Miss. Code Ann. § 17-17-29(4)(emphasis added). In <u>Barrett Refining Corp. v. Mississippi Commission on Environmental Quality</u>, 751 So.2d 1104 (Miss. App. 1999), the Mississippi Court of Appeals noted that both section 17-17-29(7) of the Solid Wastes Disposal Law, and section 49-17-43(g) of the Mississippi Air and Water Pollution Control Law "set forth factors to be considered <u>by the Commission</u> before determining the amount of penalty to impose when the [respective statutes are] violated." <u>Id</u>. at 1126 n.8 (emphasis added). <u>See also Donald</u>, 735 So.2d at 173 (Solid Wastes Disposal Law "is primarily enforced by the Mississippi Department of Environmental Quality").

The Court is persuaded that neither the Mississippi Air and Water Pollution Control Law nor the Solid Wastes Disposal Law

provides a private cause of action or a private remedy. The defendants are therefore entitled to judgment as a matter of law on the plaintiff's claims under these statutes.

As for the plaintiff's nuisance per se claim, Mississippi law recognizes a private right of action for negligence per se:

> The principle that violation of a statute constitutes negligence per se is so elementary that it does not require citation of authority. When a statute is violated, the injured party is entitled to an instruction that the party violating the statute is guilty of negligence, and, if that negligence proximately caused or contributed to the injury, then the injured party is entitled to recover.

Munford, Inc. v. Peterson, 368 So.2d 213 (Miss. 1979). The concept was expanded to encompass nuisance per se in Donald, in which the Mississippi Supreme Court reversed the lower court's dismissal of the plaintiff's nuisance per se claim, quoting the Utah Supreme Court:

> When the conditions giving rise to a nuisance are also a violation of a statutory prohibition, those conditions constitute a nuisance per se, and the issue of the reasonableness of the defendant's conduct and the weighing of the relative interests of the plaintiff and the defendant is precluded because the Legislature has, in effect, already struck the balance in favor of the innocent party.

Donald, 735 So.2d at 173 (quoting Branch v. Western Petroleum, Inc., 657 P.2d 267, 276 (Utah 1982)). The Mississippi Supreme Court noted that Mississippi's Solid Wastes Disposal Law provides:

> The formation of unauthorized dumps is hereby declared to be a public nuisance per se, menacing public health and unlawful, and any person who forms an unauthorized dump shall be punished as provided in section 17-17-29 of

> this chapter. Existing dumps shall be eliminated by removal or on-site burial.

Miss. Code Ann. § 17-17-17 (quoted in Donald, 735 So.2d at 172). The court also found that "[a]lthough the Oil Defendants are probably not the ones who in fact physically formed the dump, discovery could reveal that they knew of the illegal dump or encouraged the Davis Brothers to illegally dump to such an extent as to implicate Section 17-17-17." Donald, 735 So.2d at 173. The Court therefore finds that Mississippi law provides a private right of action for nuisance per se, and the defendants are not entitled to judgment as a matter of law on this claim. Accordingly,

IT IS HEREBY ORDERED that defendants Pat Ramsay and Delta Logging are entitled to judgment as a matter of law on the plaintiff's claims under the Mississippi Solid Wastes Disposal Law and the Mississippi Air and Water Pollution Control Law, and said claims are DISMISSED;

FURTHER ORDERED that the defendants are not entitled to judgment as a matter of law on the plaintiff's claim for nuisance per se.

FURTHER ORDERED that the plaintiff's claims for nuisance per se and fraud shall be tried before a jury. The parties shall submit jury instructions on or before June 23, 2011.

SO ORDERED, this the 20th day of June, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE