```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


U.S. TECHNOLOGY CORPORATION                           PLAINTIFF/
                                               COUNTER-DEFENDANT

VS.                         CIVIL ACTION NO. 5:08-cv-218(DCB)(JMR)

PAT RAMSAY                                             DEFENDANT
and
DELTA LOGGING & COMPANY, INC.                         DEFENDANT/
                                                COUNTER-CLAIMANT
```

ORDER

This cause is before the Court on the defendants Pat Ramsay and Delta Logging & Company, Inc.'s motion to exclude testimony of Buford Atkinson, and to quash or modify certain subpoenas to be issued by the plaintiff **(docket entry 84)**. Having carefully considered the motion and response, the parties' briefs and the applicable law, the Court finds as follows:

The Federal Rules of Civil Procedure require a party to disclose the names of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. See Fed.R.Civ.P. 26(a)(1)(A)(i). A party that fails to identify a witness as required by Rule 26(a) is not allowed to use that witness at trial "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

U.S. Technology states that on May 5, 2010, it served a subpoena on Shelton Smith & Company, PA, for the accounting records of Hydromex, Inc., which Shelton Smith had prepared at the

direction of the U.S. Bankruptcy Trustee in Hydromex's bankruptcy proceedings.  On June 15, 2010, U.S. Technology produced selected documents received from Shelton Smith, including general ledgers and financial statements created by The Byrne CPA Firm, PA, for Hydromex.  Also included were documents identifying T. Buford Atkinson as the partner in charge of the financial statement compilations for Hydromex.

U.S. Technology intends to call Atkinson at trial solely to authenticate the documents.  U.S. Technology argues that its failure to disclose Atkinson as records custodian is harmless error and that no prejudice to the defendants will result if Atkinson is permitted to testify as a witness.  In light of the above, the Court finds that U.S. Technology's failure to disclose Atkinson is harmless.  The defendants claim that allowing Atkinson to testify at trial would be unduly prejudicial to them; however, they fail to demonstrate any undue prejudice, and the Court finds none.  The motion to exclude testimony shall therefore be denied.

The defendants also object to the plaintiff issuing subpoenas to Buford Atkinson, Steve Bailey, Roy Wayne Burrell, Frank Cook, Timothy Holloway, David Lee, Paula Pyles, Windell Singleton and Steven Street on the basis that they will be required to travel more than 100 miles in order to appear in court.  Rule 45(c)(3)(A)(ii) provides that a court issuing a subpoena "<u>must</u> quash or modify a subpoena that ... requires a person who is

neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person - <u>except that</u>, subject to Rule 45(c)(3)(B)(iii), <u>the person may be commanded to attend trial by traveling from any such place within the state where the trial is held</u>." (emphasis added). Rule 45(c)(3)(B)(iii), in turn, provides that the issuing court <u>may, on motion</u>, quash or modify the subpoena if it requires ... a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial." (emphasis added).

    The plaintiff's witness list discloses that all of the above named witnesses live and/or work in the State of Mississippi. The Court is therefore not required to quash or modify the subpoenas. As for Rule 45(c)(3)(B)(iii), the defendants "request that the Court modify the subpoenas to ensure that the witnesses are adequately compensated for the great inconvenience and expense they will incur traveling to attend the trial." However, there has been no showing by the defendants nor by any of the witnesses concerning any "substantial expense" that might be incurred. The motion to quash or modify subpoenas shall therefore be denied without prejudice. Accordingly,

    IT IS HEREBY ORDERED that the defendants Pat Ramsay and Delta Logging & Company, Inc.'s motion **(docket entry 84)** is DENIED as to the motion to exclude testimony of Buford Atkinson; and DENIED

WITHOUT PREJUDICE as to the motion to quash or modify certain subpoenas to be issued by the plaintiff.

SO ORDERED, this the 23rd day of June, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE