```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION


U.S. TECHNOLOGY CORPORATION                             PLAINTIFF/
                                                 COUNTER-DEFENDANT

VS.                            CIVIL ACTION NO. 5:08-cv-218(DCB)(JMR)

PAT RAMSAY                                               DEFENDANT
and
DELTA LOGGING & COMPANY, INC.                           DEFENDANT/
                                                  COUNTER-CLAIMANT
```

ORDER

This cause is before the Court on the plaintiff U.S. Technology Corporation's motion for advisory jury **(docket entry 103)**, and on the defendants Pat Ramsay and Delta Logging & Company, Inc.'s motion for bifurcation **(docket entry 105)**. Having carefully considered the motions and responses, and being fully advised in the premises, the Court finds as follows:

The Federal Rules of Civil Procedure provide that "[i]n all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury ...." Fed.R.Civ.P. 39(c). The use of an advisory jury is strictly discretionary, but in any event the Court is obligated to make its own independent findings of fact and conclusions of law. Fed.R.Civ.P. 52(a).

In this case, the plaintiff's claims for fraud and nuisance per se will be tried before a jury. The remaining claims and counterclaims will be tried before the Court without a jury. The

Court does not find that the use of an advisory jury would be beneficial. A jury will already be empaneled; however, to retain the jury to hear and advise on the remaining claims would be both unduly burdensome and inefficient. Additional time would be required on the part of the parties and the Court to instruct the jury on the remaining claims. Moreover, the Court does not find that the advisory process would be helpful; instead, it could unnecessarily complicate and confuse the issues, and could misdirect the jury's attention to matters not properly within their purview. Additional evidentiary problems could also result.

The Court also has the discretion to require separate trials on various issues or claims in a case:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the constitution or as given by a statute of the United States.

Fed.R.Civ.P. 42(b). The Court deems it appropriate to try the plaintiff's state law claims separately from the remainder of the claims and counterclaims in this case. Such an approach will not unfairly prejudice either side. At the conclusion of the jury phase of the trial, the Court will hear the remainder of the claims and counterclaims. The Court will also bifurcate liability and damages under CERCLA.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff U.S. Technology Corporation's motion for advisory jury **(docket entry 103)** is DENIED;

FURTHER ORDERED that the defendants Pat Ramsay and Delta Logging & Company, Inc.'s motion for bifurcation **(docket entry 105)** is GRANTED.

SO ORDERED, this the 24th day of June, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE